

**ORDERED in the Southern District of Florida on June 6, 2023.**

**Laurel M. Isicoff**
**Chief United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No. 23-10114-LMI |
| REMER & GEORGES-PIERRE PLLC, | Chapter 11 |
| Debtor. | |
| _____/ | |

### ORDER CONFIRMING THE DEBTOR'S SUBCHAPTER V
### PLAN OF REORGANIZATION

This matter came before the Court on May 31, 2023 at 11:00 a.m., to consider confirmation of the Plan of Reorganization of Remer & Georges-Pierre PLLC (the "Plan") (ECF. No. 46) filed on April 6, 2023 by the Debtor, Remer & Georges-Pierre PLLC (the "Debtor"). In connection with the confirmation of the Plan, the Court has considered the evidence presented as well as the record of this case, including: (i) the Confirmation Declaration of Anthony M. Georges-Pierre Pursuant to 28 U.S.C. § 1746 (ECF No. 55), (ii) the Certificate of Subchapter V Debtor on Acceptance of Plan,

Report on Amount to be Deposited, Certificate of Amount Deposited and Payment of Fees (ECF No. 56) and the Amended Certificate of Subchapter V Debtor on Acceptance of Plan, Report on Amount to be Deposited, Certificate of Amount Deposited and Payment of Fees (ECF No. 60) (iii) the testimony of Anthony M. Georges-Pierre proffered by the Debtor, and (iv) the modification(s) to the Plan and the proffers stated on the record by the Debtor's counsel, Zach B. Shelomith, Esq., which such modification(s) are set forth below. Having considered that all classes of creditors that were required to vote on the Plan have accepted the Plan, and no objections to confirmation of the Plan have been filed or remain unresolved, after notice and a hearing, the Court finds and concludes as follows:

## FINDINGS OF FACTS & CONCLUSIONS OF LAW

A. **Jurisdiction**. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334, the United States District Court's general order of reference, and other various applicable provisions of the Bankruptcy Code[1] and the Federal Rules of Bankruptcy Procedure ("FRBP").

B. **Venue**. Venue before the Court is proper under 28 U.S.C. §§ 1408 and 1409.

C. **Notice**. Due, adequate, and sufficient notice of the Plan and the order setting a hearing on confirmation (ECF No. 47) were served upon all creditors, interest holders, and parties requesting notice. Accordingly, the method of service and solicitation of acceptance of the Plan, notice of the hearing to consider

---

[1] The term "Bankruptcy Code" refers to the applicable section(s) of 11 U.S.C. § 101, *et. seq.* unless otherwise indicated.

confirmation of the Plan, and notices of all other deadlines or requirements relating thereto (collectively, the "Confirmation Deadlines") were in compliance with the FRBP, were adequate and reasonable under the circumstances of this case, and no further or additional notice of the confirmation hearing or the confirmation deadlines was necessary or required.  The Court also finds that the modification(s) to the Plan, as set forth below, do not require re-voting by creditors, as the treatment set forth in such modification(s) are more favorable to creditors, rather than less favorable.

D. **Objections to Confirmation**.  No parties timely objected to confirmation of the Plan or any such objections were resolved amicably.

E. **Proper Classification of Claims – 11 U.S.C. §§ 1122 and 1123**. The Plan adequately and properly identifies and classifies all claims.  Pursuant to 11 U.S.C. § 1122(a), the claims placed in each class are substantially similar to other claims in each such class.  Pursuant to 11 U.S.C. § 1123(a)(1), valid legal and business reasons exist for the various classes of claims created under the Plan and such classification does not unfairly discriminate among holders of claims. The classification of claims in the Plan is reasonable.

F. **Specified Unimpaired Classes – 11 U.S.C. § 1123(a)(2)**.  The Plan specifies all classes or claims or interests that are not impaired under the plan.

G. **Specified Treatment of Impaired Classes – 11 U.S.C. § 1123(a)(3)**. The Plan specifies the treatment of all classes of claims or interests that are impaired under the Plan.

H.      **No Discrimination – 11 U.S.C. § 1123(a)(4)**.  The Plan provides for the same treatment of claims or interests in each respective class unless the holder of a particular claim or interest has agreed to a less favorable treatment of such claim or interest.

I.      **Implementation of the Plan – 11 U.S.C. § 1123(a)(5)**.  Article VII of the Plan provides adequate means for the Plan's implementation.

J.      **Non-Voting Equity Securities/Allocation of Voting Power – 11 U.S.C. § 1123(a)(6)**.  Pursuant to the Plan, Jason S. Remer ("Remer") and Anthony M. Georges-Pierre each retain their 50% membership interest in the Debtor.

K.      **Interests of the Creditors, Equity Security Holders, & Public Policy – 11 U.S.C. § 1123(a)(7)**.  The Plan contains only provisions that are consistent with the interests of creditors and equity security holders and with public policy with respect to the manner of selection of any officer, director, or trustee under the Plan and any successor to such officer, director, or trustee.

L.      **Assumption & Rejection – 11 U.S.C. § 1123(b)(2)**.  Article VI of the Plan, pursuant to 11 U.S.C. § 365, provides for the assumption, rejection, or assignment of any executory contract or unexpired lease of the Debtor not previously rejected under such section.

M.      **Additional Plan Provisions – 11 U.S.C. § 1123(b)(6)**.  Each of the provisions of the Plan is appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code.

N. **Principal Purpose of the Plan – 11 U.S.C. § 1129(d)**. The principal purpose of the plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933.

O. **Subchapter V Plan Requirements – 11 U.S.C. § 1189**. The Plan complies with 11 U.S.C. § 1189 because it was filed by the Debtor not later than 90 days after the order for relief under Chapter 11.

P. **Contents of a Subchapter V Plan – 11 U.S.C. § 1190**. In compliance with § 1190, the Plan includes: (1) a brief history of the business operations of the debtor, (2) a liquidation analysis, and (3) projections with respect to the ability of the Debtor to make payments under the proposed plan for reorganization.

Q. **Satisfaction of Conditions – 11 U.S.C. § 1191(a)**. The Court finds that the Plan satisfies the relevant provisions of 11 U.S.C. § 1129(a) and, as a result, is a consensual Subchapter V plan under 11 U.S.C. § 1191(a). With respect to the relevant provisions of 11 U.S.C. § 1129(a), the Court finds and concludes as follows:

1. **11 U.S.C. § 1129(a)(1) and (a)(2)**. The Plan and the Plan proponent comply with the applicable provisions of the Bankruptcy Code.

2. **11 U.S.C. § 1129(a)(3)**. The Plan was proposed in good faith and not by any means forbidden by law.

3. **11 U.S.C. § 1129(a)(4)**. Any payment made or to be made by the Debtor, for services or for costs and expenses in or in connection with the case, or in connection with the Plan and incident to the case, has been approved by, or is subject to the approval of, the Court as reasonable.

4. **11 U.S.C. § 1129(a)(5)**. The Plan has disclosed the identity and affiliations of any individual proposed to serve, after confirmation of the plan, as a director, officer, or voting trustee of the Debtor; and the appointment to, or continuance in, such office of such individual, is consistent with the interests of creditors and equity security holders, and with public policy; and the Plan proponent has disclosed the identity of any insider that will be employed or retained by the reorganized debtor, and the nature of any compensation for such insider (if any).

5. **11 U.S.C. § 1129(a)(7)**. The Plan provides that, with respect to each impaired class of claims or interests, each holder of a claim or interest of such class has accepted the plan, or will receive or retain under the plan on account of such claim or interest property of a value, as of the effective date of the plan, that is not less than the amount that such holder would so receive or retain if the debtor were liquidated under chapter 7 of this title on such date.

6. **11 U.S.C. § 1129(a)(8)**. With respect to each class of claims or interests, such class has accepted the Plan, or such class is not impaired under the plan.

7. **11 U.S.C. § 1129(a)(9)**. Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the Plan provides that:

    a. With respect to a claim of a kind specified in 11 U.S.C. §§ 507(a)(2) or 507(a)(3), on the Effective Date of the Plan, the holder of

such claim will receive on account of such claim cash equal of the allowed amount of such claim;

 b. With respect to a class of claims of a kind specified in 11 U.S.C. §§ 507(a)(1), 507(a)(4), 507(a)(5), 507(a)(6), or 507(a)(7), each holder of a claim of such class will receive—

  i. If such class has accepted the Plan, deferred cash payments of a value, as of the Effective Date of the Plan, equal to the allowed amount of such claim; or

  ii. If such class has not accepted the Plan, cash on the Effective Date of the Plan equal to the allowed amount of such claim;

 c. With respect to a claim of a kind specified in 11 U.S.C. § 507(a)(8), the holder of such claim will receive on account of such claim regular installment payments in cash—

  i. Of a total value, as of the effective date of the Plan, equal to the allowed amount of such claim;

  ii. Over a period ending not later than 5 years after the date of the order for relief under 11 U.S.C. §§ 301, 302, or 303; and

  iii. In a manner not less favorable than the most favored nonpriority unsecured claim provided for by the Plan (other than

cash payments made to a class of creditors under 11 U.S.C. § 1122(b)); and

d. With respect to a secured claim which would otherwise meet the description of an unsecured claim of a governmental unit under 11 U.S.C. § 507(a)(8), but for the secured status of that claim, the holder of that claim will receive on account of that claim, cash payments, in the same manner and over the same period, as prescribed in subparagraph (c).

8. **11 U.S.C. § 1129(a)(10)**. If a class of claims is impaired under the Plan, at least one class of claims that is impaired under the Plan has accepted the Plan, determined without including any acceptance of the plan by any insider.

9. **11 U.S.C. § 1129(a)(11)**. Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the Plan, unless such liquidation or reorganization is proposed in the Plan.

Accordingly, the Court **ORDERS**:

1. **Confirmation**. The Plan is confirmed under 11 U.S.C. § 1191(a), as modified herein.

2. **Binding Effect of Plan**. Pursuant 11 U.S.C. § 1141(a), except as provided in §§ 1141(d)(2) and (3), the provisions of the Plan as of the Effective Date,

bind the debtor, and any creditor, whether or not the claim or interest of such creditor, is impaired under the plan and whether or not such creditor has accepted the Plan.

3. **Re-vesting of Property**. Under 11 U.S.C. § 1141(b), except as otherwise provided in the Plan or in this Confirmation Order, as of the Effective Date, all of the property of the estate vests in the Debtor. Except as provided in 11 U.S.C. §§ 1141(d)(2) and (3) and except as otherwise provided in the Plan or in this Order, after confirmation of the Plan, the property dealt with by the Plan is free and clear of all claims and interests of creditors.

4. **Post-Confirmation Operation of Business**. Except as otherwise provided in the Plan or in this Confirmation Order, on and after the Effective Date, the Debtor may operate its business and may use, acquire, and dispose of property free of any restrictions of the Bankruptcy Code and Bankruptcy Rules and in all respects as if there were no pending case under any chapter or provisions of the Bankruptcy Code. The Debtor is entitled to retain and compensate professionals without the necessity of further approval of this Court. Except as set forth in the Plan concerning objections to claims, the Debtor may also settle or compromise any claims without Court approval.

Notwithstanding the foregoing, within fourteen (14) days from the date of this Order, the Debtor shall seek to employ, pursuant to 11 U.S.C. § 327, Frandsen Accounting & Consulting, Inc., d/b/a ERC Go, a division of Frandsen Accounting ("ERC Go"), to represent the Debtor with respect to its attempt to receive an

Employee Retention Tax Credit ("ERTC") refund (the "ERTC Refund"), as described in the Plan.

5. **Injunction and Discharge**. Except as otherwise expressly provided in the Plan or in this Confirmation Order, as of the Effective Date: (i) the Debtor shall be discharged from any debt to the fullest extent provided by 11 U.S.C. § 1141(d); and (ii) all holders of any discharged claims against the Debtor are enjoined from enforcing any such claim to the fullest extent provided by 11 U.S.C. § 524(a). To the extent the Plan discharge provisions set forth in Article VIII of the Plan are inconsistent with this Confirmation Order or the Bankruptcy Code, this Order and the Bankruptcy Code, including 11 U.S.C. § 1141(d), control.

6. **Disbursing Agent**. Anthony M. Georges-Pierre is named as Disbursing Agent and must make all payments to holders of allowed claims as required by the Plan.

7. **United States Trustee Guidelines**. The Debtor must comply with the guidelines set forth by the Office of the United States Trustee until the closing of this case by the issuance of a Final Decree by the Bankruptcy Court.

8. **Effect of Confirmation Order on Plan**. The failure to reference or address all or part of any particular provision of the Plan herein has no effect on the validity, binding effect, or enforceability of such provision and such provision has the same validity, binding effect, and enforceability as every other provision of the Plan. To the extent that any inconsistencies exist between the terms of the Plan and this Confirmation Order, the terms of this Confirmation Order shall control.

9. **Executory Contracts and Leases**. Except as otherwise provided in a separate order of the Court, all executory contracts and unexpired leases not otherwise assumed are deemed rejected as of the Effective Date.

10. **Service of Confirmation Order**. Zach B. Shelomith, Esq. is directed to serve a copy of this Order on all parties and file a certificate of service within five (5) days of the entry of this Order.

11. **Documents Required to Effectuate Plan**. The Debtor is authorized to execute any and all documents reasonably required to effectuate the provisions of the Plan or prior Orders of this Court.

12. **Modification of the Plan**. The Plan is modified as follows:

a. ¶ 4.01 of the Plan, specifically with reference to Class 2 General Unsecured Creditors, shall be amended to read:

> Class 2 consists of all allowed general unsecured claims. The Class 2 Creditors ("Class 2 Creditors") shall share *pro rata* in a total distribution in the amount of $300,000.00, subject to an early payment discount in the amount of $25,000.00, which would result in a discounted total distribution in the amount of $275,000.00. Furthermore, Class 2 Creditors will receive any and all proceeds received from the Debtor's ERTC Refund, up to such amount sufficient to pay Class 2 Creditors a 100% distribution.
>
> Allowed general unsecured claimants ("Class 2 Creditors") shall receive an initial payment (the "Initial Payment") on the First Payment Date, comprised of all of the funds in the Debtor's Debtor-in-Possession Bank Account (the "DIP Account"), after payment of any and all Allowed Administrative Claims and Allowed Priority Claims. The Initial Payment to Class 2 Creditors will equal $93,437.56. Thereafter, any Cost Reimbursement Payment(s) received by the Debtor after the First Payment Date will be distributed to Class 2 Creditors monthly, on a pro rata basis, on the first day of every month thereafter, until such time as there are no Cost Reimbursement Payment(s) remaining.

In addition, Class 2 Creditors shall receive an additional distribution from Remer and Georges-Pierre, equal to the amount necessary to ensure a distribution to Class 2 Creditors in the total amount of $300,000.00, to be paid on a pro rata basis. Such payments are estimated to total $206,562.40, to be paid over 5 years (60 months), in 20 quarterly payments totaling $10,328.12 per payment (the "Quarterly Payments"), with the first payment due on the First Payment Date and continuing on the first day of every quarter thereafter. To the extent that any Cost Reimbursement Payment(s) are received by the Debtor after the First Payment Date, which are then distributed to Class 2 Creditors, the Debtor shall re-calculate the Quarterly Payments, on a quarterly basis, to reflect any reduction in indebtedness under the Plan. To the extent necessary, after 19 quarterly payments are made, Remer and Georges-Pierre shall make a final quarterly payment in an amount necessary to ensure that Class 2 Creditors receive a total distribution in the amount of $300,000.00, subject to the Early Discount Provision below.

Notwithstanding the above, an early payment discount shall apply, such that if Class 2 Creditors are paid the total amount of $275,000.00 (by virtue of the Initial Payment, plus Cost Reimbursement Payment(s) received by the Debtor after the First Payment Date, plus any amounts necessary to be paid by Remer and Georges-Pierre to ensure payment of such amount) by the third anniversary of the First Payment Date, then Class 2 Creditors will receive a discounted total distribution in the amount of $275,000.00 (the "Early Discount Provision").
If the Debtor receives the ERTC Refund, and such amount is sufficient to pay Class 2 Creditors a 100% distribution, then the Early Discount Provision shall not apply, and Class 2 Creditors will receive a 100% distribution from such proceeds.

The estimated Class 2 general unsecured creditors to be paid under the Plan (as well as a payment schedule) are set forth in ECF # 60. Excluding the ERTC Refund, Class 2 Creditors will be receiving a distribution of approximately 75.2167% of their allowed claim(s), which is an amount in excess of what claimants would receive in a hypothetical Chapter 7 proceeding, in which case such claimants would receive 22.5715%, as set forth in Exhibit "A" to the Plan.

    b.    ¶ 7.02 of the Plan (<u>Funding by Remer and Georges-Pierre</u>) shall be

amended to read:

Remer and Georges-Pierre have agreed to fund the Plan payments referenced above, to ensure that Class 2 Creditors receive a distribution

in the amount of at least $300,000.00, subject to the Early Discount Provision, to be paid on a pro rata basis. It is estimated that the amount that Remer and Georges-Pierre must contribute to the Plan payments will be $206,562.40, to be paid over 5 years (60 months), in 20 quarterly payments totaling $10,328.12 per payment, with the first payment due on the First Payment Date and continuing on the first day of every quarter thereafter. To the extent necessary, after 19 quarterly payments are made, Remer and Georges-Pierre shall make a final quarterly payment in an amount necessary to ensure that Class 2 Creditors receive a total distribution in the amount of $300,000.00, subject to the Early Discount Provision.

    c.    ¶ 7.03 of the Plan (ERTC Refund) shall be amended to read:

The Debtor has contracted with a company named Frandsen Accounting & Consulting, Inc., d/b/a ERC Go, a division of Frandsen Accounting ("ERC Go"), to attempt to receive an Employee Retention Tax Credit ("ERTC") refund (the "ERTC Refund"). The terms of such contract are that ERC Go will receive 15% of any ERTC Refund received by the Debtor. It is estimated that the amount of the ERTC Refund will be $401,245.22. However, it is unknown at this time whether or not the ERTC Refund will actually be received by the Debtor. The Debtor shall seek to employ ERC Go as a professional of the bankruptcy estate, pursuant to 11 U.S.C. § 327, within 14 days of the date of this Order.

In the event that the Debtor does receive the ERTC Refund, it shall notify all creditors of same within 10 days of receipt. The proceeds of such ERTC Refund shall be paid to Class 2 Creditors, within 30 days of the Debtor's receipt of same, on a *pro rata* basis, up to such amount necessary to pay Class 2 Creditors a 100% distribution of any and all allowed general unsecured claims, without interest. In such event, the Debtor will not be obligated to remit any further amounts thereafter to Class 2 Creditors. If the Debtor receives the ERTC Refund, and such amount is sufficient to pay Class 2 Creditors a 100% distribution, then the Early Discount Provision shall not apply.

In addition, the Debtor shall notify all creditors and parties in interest of any communications received from the Internal Revenue Service ("IRS"), notifying the Debtor of its allowance, denial or reduction of the amount of the ERTC Refund, within 10 days of such receipt. Upon request by any creditor or party in interest, the Debtor shall provide an update of the status of the ERTC Refund, as well as an accounting of any Cost Reimbursement Payment(s) received after the date of this

Order. The Debtor shall also provide reports to Class 2 Creditors, as to the status of the ERTC Refund, on a biannual basis.

    d.    ¶ 9.01 of the Plan (<u>Default of Plan Payment(s)</u>) shall be amended to read:

Unless otherwise specifically set forth above, in the event of any default by the Debtor of any payment required by ¶¶ 4.01 or 4.02 above, the Claimant (or the Subchapter V Trustee, as the case may be) shall provide the Debtor with notice of such default, by electronic mail to the Debtor's attorney, Zach B. Shelomith, Esq. (at zbs@lss.law) and by facsimile to the Debtor's attorney, Zach B. Shelomith, Esq. (at (954) 920-5371) (the "Default Notice"). The Debtor shall be afforded ten (10) days from the date of the electronic mail and facsimile receipt by the Debtor's counsel of such Default Notice to cure such default (the "Cure Period"). In the event that the Debtor does not cure such default within the Cure Period, then the Debtor shall be deemed in Default of this Plan.

Pursuant to 11 U.S.C. § 1191(c)(3)(B), the condition that this Plan be fair and equitable with respect to each class of claims or interests includes, without limitation, the requirement that the Plan include "appropriate remedies, which may include the liquidation of nonexempt assets, to protect the holders of claims or interests in the event that the payments are not made".

Therefore, in the event that the Debtor is in Default of this Plan, then Claimants shall be entitled to reopen this proceeding, file Notice of such Default with the Court and seek conversion of this proceeding to Chapter 7. The Debtor's only defense to same shall be payment prior to the expiration of the Cure Period.

    e.    All other terms and conditions set forth in the Plan, which are not otherwise modified by this paragraph, shall remain in full force and effect.

    13.    **<u>Modification After Confirmation</u>**. Under 11 U.S.C. § 1193(b), the Debtor may modify the Plan at any time after confirmation of the Plan and before substantial consummation of the Plan, but may not modify the Plan so that the Plan as modified fails to meet the requirements of 11 U.S.C. §§ 1122 and 1123, with the exception of 11 U.S.C. § 1123(a)(8). The Plan, as modified, becomes the Plan only if

circumstances warrant the modification and the Court, after notice and a hearing, confirms the Plan as modified under 11 U.S.C. § 1191(a). Under 11 U.S.C. § 1193(d), any holder of a claim or interest that has accepted or rejected the Plan is deemed to have accepted or rejected, as the case may be, the Plan as modified, unless, within the time fixed by the Court, such holder changes the previous acceptance or rejection of the holder.

14. **Discharge of the Subchapter V Trustee**. Under 11 U.S.C. § 1183, the service of the Subchapter V Trustee in the case shall terminate when the Plan has been substantially consummated, except that the United States trustee may reappoint a trustee as needed for performance of duties under § 1183(b)(3)(C) and § 1185(a). Not later than 14 days after the Plan is substantially consummated, the Debtor shall file with the Court and serve on the Subchapter V Trustee, the United States trustee, and all parties in interest notice of such substantial consummation. The Debtor must file the Local Form "Final Report and Motion for Entry of Final Decree" on the later of: (a) substantial consummation of the Plan, or (b) entry of a final order resolving all disputed claims. Prior to the discharge of the Subchapter V Trustee, the Subchapter V Trustee shall comply with 11 U.S.C. § 1194 and distribute any applicable payments in accordance with the Plan, if any.

15. **Jurisdiction**. The Bankruptcy Court retains jurisdiction to:

    a.    Resolve issues with respect to the Debtor's substantial consummation of the Plan and to the extent the Debtor seeks to amend or modify the plan;

    b.    Resolve any motions, adversary proceedings, or contested matters, that are pending as of the date of substantial consummation;

      c.      Adjudicate objections to claims;

      d.      Resolve disputes with respect to any and all injunctions created as a result of confirmation of the Plan;

      e.      Adjudicate modifications of the plan under 11 U.S.C. § 1193;

      f.      Review and consider issues associated with the Debtor's final report and entry of final decree, and to enter a final decree; and

      g.      Enter such orders as the Court deems necessary or appropriate with respect to enforcement of the Plan.

###

**Submitted by:**

Zach B. Shelomith, Esq.
LSS Law
2699 Stirling Rd # C401
Ft. Lauderdale, FL 33312
Telephone (954) 920-5355
Facsimile (954) 920-5371
zbs@lss.law

**Copies furnished to:**

Zach B. Shelomith, Esq.

Attorney Shelomith must serve a copy of the signed order on all parties served with the motion and must file with the court a certificate of service conforming with Local Rule 2002-1(F).